# EASTMAN vs. FISKE.

On a general contract to deliver shares in a manufacturing company, it is not necessary that the shares should stand in the name of the promiser, and be transferred by him, nor that the transfer should be recorded before a tender is made; but a tender of a certificate of shares, with an assignment not recorded, which shares at the time of the tender are under attachment on a debt due from the assignor, is not a sufficient tender in performance of the contract.

ASSUMPSIT, upon a note or contract, signed by the defendant, as follows, viz. "For value received of Timothy Eastman, I promise to pay him two shares in the Claremont Manufacturing Company, said shares valued at two hundred dollars each. Nov. 7, 1836."

It appeared in evidence, that on the 14th day of September, 1837, the plaintiff demanded of the defendant payment of said note, and that the defendant offered and tendered to the plaintiff two certificates of shares in said Claremont Manufacturing Company, signed by the clerk, standing in the name of one John Blake, and having upon them an assignment from said Blake to the plaintiff, with warranty, dated June 19, 1837.

The plaintiff refused to receive said shares in payment of said note. The defendant enquired of the plaintiff the reason why he would not receive the same, and the plaintiff replied, "Blake's shares will not answer." The defendant again enquired the reason, but the plaintiff gave no other reply.

The plaintiff offered evidence that said shares were duly attached, as the property of said Blake, on a writ in favor of one Proctor against said Blake, Sept. 4, 1837; which writ was returnable to the court of common pleas for Merrimack county, on the third Tuesday of September, 1837—and that at the March term of said court, 1838, judgment was

rendered in said suit, and execution issued thereon for the sum of about eighty-five dollars, which was afterwards paid and satisfied by the said Blake. To the admission of this evidence the defendant objected.

The defendant then gave evidence tending to show that said Blake was as good and responsible as the defendant.

Upon the foregoing evidence a verdict was taken for the plaintiff, subject to the opinion of this court.

*Freeman,* for the plaintiff.

*Leland,* for the defendant, cited 7 *Mass. R.* 75, *Barnard* vs. *Fisher ;* 5 *Mass.* 499, *Aiken* vs. *Sandford ;* 13 *Johns.* 359, *Ketchum* vs. *Evertson ;* 5 *Mass. R.* 67, *Borden* vs. *Borden ;* 9 *Mass.* 28, *Spring* vs. *Tongue ;* 6 *Mass.* 246, *Ellis* vs. *Webb ;* 3 *Stark. Ev.* 1611, 12, *note* 1.

GREEN, J. The substance of this contract is, that the defendant would procure for the plaintiff a good title to two shares in the Claremont Manufacturing Company, on demand.

On the 14th of September, 1837, the plaintiff demanded of the defendant payment of the note, on which the defendant produced and offered the plaintiff a certificate, signed by the clerk of said company, certifying that John Blake was the owner of two shares in said company, accompanied by an assignment in due form of said two shares to the plaintiff, which the plaintiff refused to receive, observing, "Blake's shares will not answer ;" and the question to be settled is whether this was a good tender.

The plaintiff objects to it, because the shares were not conveyed by Fiske to him—that he was not bound to receive any transfer or assignment of shares, unless made by the defendant—that if an assignment by any person, other than the defendant, should be adjudged good, still the conveyance was insufficient, not being recorded at the time of the tender—and that the shares tendered were at the time under an attach-

ment for the debt of Blake, and the plaintiff not bound to receive them so incumbered.

As to the first objection, that the transfer was not made by the defendant, the contract does not express that the transfer shall be made by the defendant personally; and it could make no difference with the plaintiff, who made the transfer, provided he derived a good title from it; and he would be certain of obtaining such a title by receiving a certificate of ownership with an assignment, returning the same to the clerk, and taking out a new certificate, to which he would be entitled, in his own name, in case the shares should not be incumbered by attachments for the debts of the assignor, or some preceding owners. We, therefore, incline to think that this objection cannot prevail.

The second objection, that the assignment was not recorded at the time of the tender, we are also of opinion cannot prevail. As between the plaintiff and Blake, it was not necessary the assignment should be recorded to pass the shares. The property would vest in the plaintiff without it, the same as an unrecorded deed of land passes the title to the grantee; but it would not be valid against subsequent attaching creditors, without notice of the assignment. It is no part of the duty of a grantor conveying real estate to get his deed recorded, in order to perfect the title in his grantee. He delivers his deed duly executed, and it is at the pleasure of the grantee to get it recorded or not. When, therefore, the defendant tendered the assignment, accompanied with the certificate of ownership, he did all that was incumbent on him to do in this respect. The plaintiff might, or might not, as he chose, return the certificate and assignment to the clerk, and take out a new certificate in his own name. The tender, therefore, is not considered defective on account of this objection.

But we are of opinion that the last objection must prevail. The case finds that the shares were, at the time of the tender, incumbered by an attachment for Blake's debt; and the contract being, as has been already observed, to make a good

title to the plaintiff, we think the offer made by the defendant could not be considered as such while the shares were under an attachment for the debt of the assignor, and that the tender cannot be deemed a fulfilment of the contract. There should have been such a tender as would have transferred to the plaintiff an undoubted and unincumbered title.

*Judgment for the plaintiff.*